IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02515-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.   Failure to include this number
may result in a delay in the consideration of your claims.**)

MICHAEL TERRY,

     Plaintiff,

v.

UNITED STATES OF AMERICA, and
JOHN DOES 1-50,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE
AND TO CURE DEFICIENCY

_____

     Plaintiff, Michael Terry, resides in Redlands, California.   He initiated this action

by filing, *pro se*, a Complaint (ECF No. 1), asserting claims under the Federal Tort Claims

Act (FTCA), §§2671-2680, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of

Narcotics*, 403 U.S. 388 (1971). He has also filed an Application to Proceed in District

Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3).   As part of the Court's

review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that one of the

submitted documents is deficient as described in this Order. Plaintiff will be directed to

cure the following if he wishes to pursue any claims in this Court in this action at this time.

Any papers that Plaintiff files in response to this Order must include the civil action

number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   ____     is not submitted
(2)   ____     is not on correct form
(3)   ____     is missing certified copy of prisoner's trust fund statement for the 6-month

period immediately preceding this filing

(4) \_\_\_\_ is missing certificate showing current balance in prison account

(5) \_\_\_\_ is missing required financial information

(6) \_\_\_\_ is missing authorization to calculate and disburse filing fee payments

(7) \_\_\_\_ is missing an original signature by the prisoner

(8) \_\_\_\_ is not on proper form

(9) \_\_\_\_ names in caption do not match names in caption of complaint, petition or habeas application

(10) \_\_\_\_ other:

**Complaint, Petition or Application**:

(11) \_\_\_\_ is not submitted

(12) \_\_X\_\_ is not on proper form (<u>Plaintiff must use the court-approved Complaint form</u>)

(13) \_\_\_\_ is missing an original signature by the prisoner

(14) \_\_\_\_ is missing page nos. \_\_\_\_

(15) \_\_\_\_ uses et al. instead of listing all parties in caption

(16) \_\_\_\_ names in caption do not match names in text

(17) \_\_\_\_ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application

(18) \_\_\_\_ other:

In addition, it appears that venue is not proper in the state of Colorado.   The

FTCA's venue provision, 28 U.S.C. § 1402(b), provides that claims may be brought "only

in the judicial district where the plaintiff resides or wherein the act or omission complained

of occurred."

Section § 1391(b) of Title 28 United States Code sets forth the rules that govern

venue in federal courts.   In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."   *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

Although the Complaint is largely nonsensical and fails to comply with Fed. R. Civ. P. 8, there are no allegations to suggest that the objectionable conduct of which Plaintiff complains occurred in the State of Colorado.   Furthermore, he does not allege that the John Doe Defendants sued under *Bivens* reside in Colorado.   Therefore, Mr. Terry will be ordered to show cause, in writing, why this action should not be dismissed without prejudice for improper venue.   Accordingly, it is

ORDERED that Plaintiff shall show cause, in writing, **within thirty (30) days of the date of this Order**, why this action should not be dismissed without prejudice for lack of venue, pursuant to 28 U.S.C. §§ 1391(b) and 1402(a).   It is

FURTHER ORDERED that Plaintiff shall submit his claims on the court-approved Complaint form, **within 30 days of the date of this Order**.   It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff a copy of the court-approved Complaint form.   It is

FURTHER ORDERED that if Plaintiff fails to show cause, or to submit his claims on the court-approved Complaint form, within 30 days, this action will be dismissed without prejudice and without further notice.

Dated November 27, 2015November 27, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge