IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02515-GPG

MICHAEL TERRY,

    Plaintiff,

v.

NATIONAL SECURITY AGENCY, and
JOHN DOES 1-50,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Michael Terry, resides in Redlands, California.   He initiated this action by filing, *pro se*, a Complaint (ECF No. 1), asserting claims under the Federal Tort Claims Act (FTCA), §§2671-2680, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3).

    On November 27, 2015, Magistrate Judge Gordon P. Gallagher reviewed Mr. Terry's filings and determined they were deficient because the Complaint was not filed on the form approved by this Court.   (ECF No. 6).   Magistrate Judge Gallagher instructed Plaintiff to resubmit his Complaint, on the court-approved form, within 30 days.   (*Id.*). Magistrate Judge Gallagher further directed Mr. Terry to show cause, within 30 days, why this action should not be dismissed, without prejudice, for improper venue.   (*Id.*).

    Mr. Terry filed his [Amended] Complaint, on the court-approved form, in

compliance with the November 27 Order, on December 29, 2015. (ECF No. 7).   In support of venue, Mr. Terry alleges only that he "was seen for psychiatric emergencies in Colorado Springs, Colorado for NSA related injuries . . . ."  (ECF No. 7 at 3).   The [Amended] Complaint generally fails to comply with the pleading requirements of Fed. R. Civ. P. 8.   Mr. Terry alleges that he was injured in January 1995 "during surveillance by U.S. military."  (*Id.*).   He further states that he "became a Targeted Individual under the control of the defendant who used signals technologies, directed energy weapons and aural bioeffects" (*id.* at 4), which caused him to suffer physical and emotional injuries.

"The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).   The FTCA allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties.   28 U.S.C. § 1346(b)(1).   The United States is the sole defendant to an FTCA action.   *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (noting that the United States is the only proper defendant to an FTCA suit).   *See also* 28 U.S.C. §§ 2674, 2679.   The FTCA's venue provision, 28 U.S.C. § 1402(b), provides that claims may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

Mr. Terry resides in California.   He does not allege any facts in the [Amended] Complaint to suggest that the objectionable conduct occurred in Colorado.   The fact that he was treated for existing injuries by hospitals in Colorado is insufficient to show that venue is proper in Colorado over the FTCA claim.

Mr. Terry sues the individual John Doe Defendants under *Bivens*, which provides a damages remedy to victims of constitutional violations committed by federal officials. *See Carlson v. Green*, 446 U.S. 14 (1980).   The venue provision governing a *Bivens* claims is found at 28 U.S.C. § 1391(b).   In general, a civil action may be brought in:

>  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Mr. Terry alleges that the John Doe Defendants reside in Maryland. (ECF No. 7 at 2).   And, as discussed above, the [Amended] Complaint does not indicate that the objectionable conduct occurred in the State of Colorado.   Finally, Mr. Terry does not allege any facts to show that the individual Defendants are subject to this Court's personal jurisdiction with respect to the allegations of the [Amended] Complaint.   *See Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009) (setting forth requirements to establish personal jurisdiction over non-resident defendants, including that the defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State," citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Court therefore finds that venue over the Plaintiff's *Bivens* claims is not proper in Colorado.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). However, "There is no obligation to keep meritless claims alive through transfer to another court." *See Johnson v. Lappin*, No. 11-1381, 478 F. App'x 487, 492 (10th Cir. April 16, 2012) (unpublished) (dismissing habeas claims raised in *Bivens* action as frivolous, instead of transferring claims to appropriate federal venue); *see also Haugh v. Booker*, 210 F.3d 1147, 1150-51 (10th Cir. 2000) (authorizing federal court to "take a peek at the merits" to "avoid wasting judicial resources that would result from transferring a case which is clearly doomed.") (internal citation and quotations omitted).

The [Amended] Complaint fails to comply with Fed. R. Civ. P. 8 and does not appear to be meritorious.   Therefore, this action will be dismissed.   Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE for improper venue.   It is

FURTHER ORDERED that all pending motions are DENIED as moot.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated January 8, 2016, at Denver, Colorado.

                                          BY THE COURT:

                                          s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, Senior Judge
                                          United States District Court